UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN E. BRUNNING,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, and
BANK OF AMERICA, NA,

    Defendants.

Case No. 15-cv-10587
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER GRANTING
DEFENDANTS' UNOPPOSED MOTION TO DISMISS [3]**

Plaintiff Calvin Brunning, through counsel, filed a complaint against Defendants Nationstar Mortgage, LLC, and Bank of America, N.A., in Wayne County Circuit Court alleging wrongful foreclosure of his residential mortgage, breach of contract, and fraudulent misrepresentation. (*See* Dkt. 1-1 at Pg ID 11–21, Compl.) After removing the case to this Court, Defendants filed a Motion to Dismiss for failure to state a claim. (Dkt. 3.) Although Plaintiff participated in an unsuccessful early settlement conference ordered by this Court, he has not filed a response to the motion.[1] The Court conducted an independent review of the allegations of the

---

[1] This is not the first time that Plaintiff's counsel has filed a complaint in a mortgage foreclosure case and failed to oppose the motion to dismiss. *See Caggins v. Bank of New York Mellon*, No. 15-11124, 2015 WL 4041350, at *1 (E.D. Mich. July 1, 2015) ("On the day set for hearing on Defendant's motion, Plaintiff's counsel called to inform the Court that he has been unable to contact his client, does not oppose motion to dismiss, and would not be appearing for argument."); *Hawkins v. U.S. Bank, N.A., as Trustee for the RMAC Trust Series 2012-5T et al*, No. 14-cv-14870 (E.D. Mich.) (motion to dismiss filed January 22, 2015); *Reppuhn et al v. Countrywide Home Loans et al.*, No. 14-cv-14791 (E.D. Mich.) (motion to dismiss filed February 13, 2015); *Bracken v. Nationstar Mortgage LLC et al.*, No. 14-cv-14835 (E.D. Mich.) (court order filed May 29, 2015, requires response by June 12, 2015, to motion to dismiss filed March 10, 2015).

Complaint and finds that they do not plausibly state a claim to relief. Therefore, Defendants' unopposed Motion to Dismiss (Dkt. 3) is GRANTED.

**I. LEGAL STANDARD**

The Federal Rules of Civil Procedure require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff "must allege 'enough facts to state a claim of relief that is plausible on its face.'" *Traverse Bay Area Int. Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility means that "the complaint has to 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ohio Police & Fire Pension Fund v. Std. & Poor's Fin. Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This standard does not require detailed factual allegations, but a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (citation and internal quotation marks omitted).

The court must "accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to plaintiffs." *Bennet v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). The court "need not, however, accept unwarranted factual inferences." *Id.* (citing *Twombly*, 550 U.S. at 570). Nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

On a motion to dismiss for failure to state a claim, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## II. FACTUAL ALLEGATIONS

In October 2006, Plaintiff borrowed $128,000 from Quicken Loans, Inc. (Compl. ¶ 10.) The loan was secured by a mortgage ("the Mortgage") on Plaintiff's home at 7660 Donna Street, Westland, Michigan ("the Property"). (Compl. ¶¶ 4, 12; Compl. Ex. 2 at Pg ID 25–40, Mortgage.) The mortgage was assigned to Bank of America in September 2011. (Compl. at ¶ 13; Compl. Ex. 3 at Pg ID 42, BANA Assignment.) The mortgage and assignment were recorded in January 2007 and September 2011, respectively. (Compl. at ¶¶ 12–13; Mortgage at Pg ID 25; BANA Assignment.)

Beginning in May 2012, Plaintiff began requesting loan modification from Bank of America. (Compl. ¶ 18.) An employee or other agent of Bank of America instructed Plaintiff not to make any payments while his loan modification was under review. (Compl. ¶ 21.) In August 2012, Plaintiff signed and returned a loan modification agreement. (Compl. ¶¶ 16, 25; Compl. Ex. 5 at PG ID 46–50, Modif. Agmt.) According to the agreement, the amount payable under the Note as of August 1, 2012, was $131,205.69. (Modif. Agmt at ¶ 1.) The agreement provided that $39,818.70 would be deferred, with no interest or monthly payments due. (*Id.* at ¶ 2.) Interest would continue to be charged on the remaining $91,386.99, and Plaintiff would make monthly payments of $440.66 beginning August 1, 2012. (*Id.*)

3

Bank of America informed Plaintiff in February 2013 that he was in default. (Compl. ¶ 23.) He unsuccessfully tried to contact his "specialist" at Bank of America. (Compl. ¶ 24.) Then in April 2013, Plaintiff received the loan modification agreement that he had signed and returned to Bank of America in August 2012. (Compl. ¶ 25.) The agreement had been signed by a Bank of America representative on April 26, 2013. (Modif. Agmt. at Pg ID 49.) It was recorded in May 2013. (Compl. ¶ 16; Modif. Agmt. at Pg ID 46.) He contacted Bank of America to accept its terms but was told it was no longer being offered because his loan was being transferred to Nationstar Mortgage. (Compl. ¶ 26.) Plaintiff began contacting Nationstar about loan modification. (Compl. ¶ 27.)

In November 2014, Bank of America assigned the mortgage to Nationstar. (Compl. at ¶ 14; Compl. Ex. 4 at Pg ID 44, Nationstar Assignment.) The assignment was recorded on December 16, 2014. (Compl. at ¶ 14; Nationstar Assignment.)

Plaintiff was told by employees of Nationstar numerous times that it had not received all of the documents it requested or that more documents were required of Plaintiff. (Compl. ¶ 29.) Nationstar has never notified Plaintiff that his request for loan modification or other options was denied. (Compl. ¶ 30.)

According to Nationstar, Plaintiff is in default on the Mortgage. (Compl. ¶ 31.) Nationstar published a notice that the Mortgage would be foreclosed by a sale of the Property on January 29, 2015. (Compl. ¶ 32; Compl. Ex. 6 at Pg ID 52.) According to the notice, the balance due on the Mortgage was $148,509.46. (*Id.*) Plaintiff alleges that the notice was dated December 29, 2014. (Compl. ¶ 32.) Plaintiff was not aware of the foreclosure proceedings. (Compl. ¶ 37.)

Plaintiff filed this action on January 28, 2015. (*See* Compl. at Pg ID 21; Dkt. 1, Removal Notice at ¶ 1.)

**III. ANALYSIS**

By failing to respond to the Motion to Dismiss, Plaintiff has waived any argument in opposition to it. *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (quoting *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision))). But the Court is still required to analyze the sufficiency of the Complaint's allegations when considering Defendants' motion to dismiss it. *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (finding district court abused its discretion by dismissing plaintiff's claims without an independent review of the sufficiency of the pleadings after plaintiff failed to respond to a motion to dismiss); *Fredericks v. Mortgage Elec. Registration Sys., Inc.*, No. 14-14270, 2015 WL 3473972, at *3 (E.D. Mich. June 2, 2015).

Taking the allegations of the Complaint as true and drawing all inferences in Plaintiff's favor, the Court finds that Plaintiff has not plausibly stated a claim for relief.

**A. Count I**

In Count I, Plaintiff alleges that Defendants wrongfully foreclosed his mortgage "in violation of both state and federal statutes, rules and procedures including, but not limited to MCL 600.3201, et seq., the Real Estate Settlement Procedures Act (RESPA), 12 USC 2605, et seq. and 12 CFR 1024.41 ('Regulation X')." (Compl. ¶ 40.) First, the Court notes that it is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief." *Twombly*, 550 U.S. at 555. The Court will address only those statutes that are specifically identified. Plaintiff has not stated a claim under any of them.

5

Plaintiff has not stated a claim under RESPA (or "Regulation X," the shorthand name given to RESPA's enabling regulations, *see* 12 C.F.R. § 1024.1) because the relief he seeks is not available under that statute. He seeks declaratory relief (that the assignment is invalid, that Nationstar does not have authority to foreclose, and that any pre-foreclosure proceedings are null and void); an order "that Nationstar negotiate fairly and in good faith with Plaintiff towards a reasonable loan modification of the Mortgage," and "[a]ny other, further or different relief that the Court deems just and equitable." (Compl. at Pg ID 18–19.) Declaratory and injunctive relief are not available under RESPA, which authorizes only "any actual damages to the borrower as a result of the failure," and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1); *see also Caggins*, 2015 WL 4041350, at *2 (collecting cases). Even if Plaintiff had requested monetary damages for Count I, which he did not, he has not alleged any facts that would support actual damages or a pattern or practice of noncompliance.

Turning to Michigan's Foreclosure by Advertisement statute, Mich. Comp. Laws §§ 600.3201 *et seq.*, Plaintiff identifies only one specific section: he alleges that Defendants foreclosed on the mortgage without valid record chain of title as required by Mich. Comp. Laws § 600.3204(3). That section provides: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Plaintiff's allegations and the exhibits attached to the Complaint establish a record chain of title from the original mortagee, Quicken Loans, to Mortgage Electronic Registration System (*see* Mortgage at Pg ID 26) to Bank of America (*see* BANA Assignment at Pg ID 42) to the

foreclosing party, Nationstar (see Nationstar Assignment at Pg ID 44). (*See also* Compl. ¶¶ 13–14.) Plaintiff argues, in the complaint, that the assignment to Nationstar was invalid because Nationstar, acting as attorney-in-fact for Bank of America, assigned the mortgage to itself. (Compl. ¶¶ 51–52.)

The Sixth Circuit has held that "a litigant who is not a party to an assignment lacks standing to challenge that assignment," unless the litigant "cannot otherwise protect themselves from having to pay the same debt twice." *Livonia Properties Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). For example, a third party may assert a defense of "nonassignability of the instrument, assignee's lack of title, [or] a prior revocation of the assignment." *Id.* Plaintiff was not a party to the assignment, and he does not allege facts that make it plausible that he is threatened with double liability. Therefore, Plaintiff has not stated a claim under § 600.3204(3).

To the extent Plaintiff intended to allege that he was not given the notice of foreclosure required by the Foreclosure by Advertisement statute, he has not pled it. Other than the conclusory statement that Plaintiff was not aware of the foreclosure, the only specific factual allegations relating to notice suggest that it was given: Plaintiff says that Nationstar "allegedly" published a notice of foreclosure by advertisement, and attaches a copy of it to the complaint. (Compl. ¶ 32; Compl. Ex. 6 at Pg ID 52.) This does not raise a plausible inference of wrongdoing. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Plaintiff has not stated a claim under Mich. Comp. Laws §§ 600.3201 *et seq*.

Count I is therefore dismissed for failure to state a claim.

**B. Count II**

Count II is a breach of contract claim based on the mortgage. The Complaint alleges:

7

> Defendants breached the contract as well as the implied covenant of good faith and fair dealing in the contract with Plaintiff by, among other things, doing the following:
> a. Failing to send Plaintiff a notice [of default] containing all the components of Paragraph 22 of the Mortgage;
> b. Disingenuously negotiating loss mitigation assistance with the Plaintiff;
> c. Failing to maintain a single point of contact for the Mortgage; and
> d. Misleading Plaintiff about approval and extension of loss mitigation assistance as an alternative to foreclosure.

(Compl. ¶ 60.)

First, as has been previously pointed out to Plaintiff's counsel, Michigan does not recognize a cause of action for a breach of the implied covenant of good faith and fair dealing. *See Caggins*, 2015 WL 4041350, at *2 (citing *Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. App. Ct. 2006)).

As for the claimed violation of Paragraph 22 of the Mortgage, Plaintiff alleges that Bank of America sent him a notice of default in February 2013, and he does not allege what it did or did not say. Thus there are no factual allegations from which it can be determined whether a violation of that paragraph of the mortgage is plausibly alleged.

And as for the remaining allegations, Plaintiff has not pointed this Court to any provision of the Mortgage that would be violated by "[d]isingenuously negotiating," "[f]ailing to maintain a single point of contact," or "[m]isleading Plaintiff about approval and extension of loss mitigation assistance." So far as the docket shows, Plaintiff is represented by counsel, and therefore the Court will not scour the mortgage to determine whether Plaintiff has any grounds for relief. *See Twombly*, 550 U.S. at 555.

Count II is dismissed for failure to state a claim.

**C. Count III**

For Count III, Plaintiff alleges fraudulent misrepresentation. The circumstances of a fraudulent misrepresentation must be pled with particularity. Fed. R. Civ. P. 9(b). A plaintiff

8

must: (1) specify the alleged fraudulent statements; (2) identify the speaker; (3) state when and where the statements were made; and (4) explain why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). The Complaint does not particularly identify specific fraudulent statements, who made them, when, and where. Therefore, the Plaintiff fails to plead fraudulent misrepresentation with the level of particularity required by Rule 9(b).

Count III is dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated, Defendants' unopposed Motion to Dismiss (Dkt. 3) is GRANTED and the Complaint is DISMISSED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

Dated: July 16, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 16, 2015.

                                                s/Jane Johnson
                                                Case Manager to
                                                Honorable Laurie J. Michelson